IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR SEARCH WARRANT AND ORDERS PURSUANT TO 18 U.S.C. §§ 2703(C)(1)(A) AND 3122(A)(1) FOR THE<br><br>(1) DISCLOSURE OF PROSPECTIVE CELL-SITE DATA AND E-911 PHASE II DATA;<br><br>(2) DISCLOSURE OF STORED TELECOMMUNICATIONS RECORDS; AND<br><br>(3) INSTALLATION OF A PEN REGISTER/TRAP AND TRACE DEVICE<br><br>ON 302-415-9884 | No. 1:24-ec-1181<br>No. 1:24-sw-362<br><br>**UNDER SEAL** |

**MOTION TO SEAL AND MEMORANDUM IN SUPPORT**

The United States of America, by counsel, pursuant to 18 U.S.C. § 3123 and Local Rule 49 of the Local Criminal Rules for the Eastern District of Virginia, now asks for an order to seal its entire application for a search warrant and orders pursuant to 18 U.S.C. §§ 2703(C)(1)(A) and 3122(A)(1) for the disclosure of prospective cell-site data, disclosure of stored telecommunications records, and the installation of a pen register and trap and trace device ("pen/trap device") on 302-415-9884.

**I.     Basis for Sealing**

1. The pen/trap device should be "sealed until otherwise ordered by the court" by statute. 18 U.S.C. § 3123(d)(1).

2. The United States requests to seal the search warrant and attendant orders pursuant to Local Rule 49(B) under the Local Criminal Rules for the Eastern District of Virginia.

**II.     Need for Sealing** (*See* Local Rule 49(B)(1))

1.  At the present time, the Federal Bureau of Investigation, is conducting a criminal investigation of Elijah "Nephew the Genius" Loatman regarding possible violations of 18 U.S.C. § 371 and 7 U.S.C. §2156 (conspiracy to engage in an animal fighting venture).  The offenses under investigation arise from the involvement of Loatman and others in an organization of dogfighters known as the "DMV Board."  Loatman and one other person were indicted for the offense specified above by a grand jury in this district on May 16, 2024, but the FBI does not know where Loatman is.  The FBI hopes that information derived from Loatman's phone will enable him to be located.

2.  Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving the target an opportunity to flee prosecution, destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates, if any.  In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in the affidavit necessarily contain sensitive law enforcement information about an ongoing and proactive investigation.  If such information were made public at this time, it would jeopardize the ongoing investigation by alerting the person suspected of engaging in criminal conduct of undercover law enforcement activity and other information known to law enforcement.]  Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

**III.    The Governing Law** (*See* Local Rule 49(B)(2))

3.  It is generally recognized that the public has a common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrants and orders issued pursuant to 18 U.S.C. § 2703.  *See*

*In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 292 (4th Cir. 2013), *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). To substantively overcome the common law presumption of access to search warrant materials, a court must find that there is a "significant countervailing interest" in support of sealing that outweighs the public's interest in openness. *In re Application*, 707 F.3d at 293 (citing *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)).

4. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

5. Regarding the notice requirement in the specific context of search warrants, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id*. Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Id*. at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

6. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the

3

government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886 F.2d at 65.  Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal.").  The government's interest in sealing may be supported by a desire to maintain the secrecy of the investigation, preventing the potential subject from being tipped off, or altering behavior to thwart the government's ongoing investigation.  *In re Application*, 707 F.3d at 293.

**IV.     Period of Time the United States Seeks to Have Matter Remain Under Seal**
(*See* Local Rule 49(B)(3))

7.  Pursuant to Local Rule 49(B)(3), the search warrant materials will remain sealed until July 16, 2024.

8.  Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to execute the application.

WHEREFORE, the United States respectfully requests that the search warrant, application, supporting affidavit, and this motion and proposed order, be sealed until July 16, 2024.

Date:     May 16, 2024

*Vanessa Strobbe*
Vanessa Strobbe
Assistant United States Attorney

4